UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SUSAN REINDL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:11CV167 SNLJ |
| | ) |
| HARTFORD LIFE AND ACCIDENT | ) |
| INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court pursuant to defendant's Motion to Dismiss, #4. The motion has been fully briefed and is ripe for disposition. In her complaint, plaintiff seeks withheld long-term disability benefit payments from defendant with interest, costs, and fees pursuant to the Employee Retirement Income Security Act's ("ERISA") benefit recovery civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B). Because the parties have submitted documents outside the pleadings and both parties have had a reasonable opportunity to present all the material that is pertinent to the motion, the Court will convert defendant's motion to one for summary judgment pursuant to Fed. R. Civ. P. 12(d).

**I.      Factual Background**

The following facts are uncontested except where noted. Plaintiff Susan Reindl worked as a district manager for RKM, Enterprises, LLC ("RKM"), and was a full-time employee of that company for thirteen years. Plaintiff's benefit package provided by RKM included a long-term disability benefits plan insured by defendant Hartford Life and Accident Insurance Company.

("Hartford").  On April 17, 2005, plaintiff stopped working for RKM due to physical impairments and applied for long-term disability benefits under the Hartford benefits plan.  On July 7, 2005, Hartford approved plaintiff's application for disability benefits, which benefits were continued upon reassessment two years later.  In 2008, however, Hartford reassessed plaintiff's physical condition and decided that she was not totally disabled and able to work a sedentary job.  Consequently, as of November 25, 2008, Hartford terminated plaintiff's disability benefits.

On or about December 12, 2008, plaintiff's prior attorney sent a letter to Hartford in response to the notice of termination of plaintiff's benefits.  Enclosed with the letter was a signed authorization to release plaintiff's medical records to her attorney.  The letter provided, in pertinent part, as follows:

> I have been retained to assist the above-named individual in her Long Term Disability (LTD) benefits.
>
> This letter is to request a copy of any and all medical records you may have in your file on my client.  Also, copies of any other documents you might have regarding my client's medical condition would be helpful.
>
> I have enclosed a HIPPA signed by my client to enable you to release copies of these records to me.
>
> We will be reviewing the records and obtaining additional medical information for my client's appeal of the decision to terminate her Long Term Disability (LTD) benefits. . . .

Plf. Exhibit 1, #6-1.  Plaintiff asserts that this letter constituted a notice of appeal of Hartford's decision to terminate her benefits, but defendant contends that it was merely a request for information plaintiff wanted in order to consider whether to appeal in the future.

In February 2009, Hartford sent plaintiff's prior attorney a "voluminous amount of medical records" in response to her December 12, 2008, letter.  On July 6, 2009, plaintiff's prior

attorney spoke with a Hartford representative via telephone, who provided her with the address to send plaintiff's materials appealing the adverse decision. On or about July 8, 2009, plaintiff's attorney sent Hartford a letter stating her disagreement with the adverse decision with accompanying "additional written comments, documents and information relating to the appeal of [her] client, Susan Reindl's, denial of her Long Term Disability benefits beyond November 24, 2008," and requesting that Hartford "review the statements and documents and notes contained in her claim file and advise her and myself of your further determinations." Def. Exhibit C, #5-3, p. 1. On or about August 6, 2009, Hartford replied to this letter, stating that plaintiff had been afforded 180 days to appeal the termination of her benefits, that her file had been closed on May 28, 2009 (180 days from the estimated delivery date of Hartford's notice of termination), and that her letter of appeal of July 8, 2009 (received by Hartford on July 14, 2009), was untimely. Def. Exhibit D, #5-4. Plaintiff's attorney then replied by letter on August 17, 2009, contending that she was within the six-month appeal deadline because she "entered her appearance to assist [plaintiff] in this appeal on December 12, 2008," spoke with the Hartford representative on July 6, 2009, and sent the medical records, along with a vocational expert report, to Hartford soon thereafter. Plf. Exhibit 2, #6-2, p. 1.

     According to plaintiff's long-term disability benefits plan, Hartford's decision to terminate plaintiff's disability benefits is administratively appealable by the beneficiary by "request[ing] a review upon written application within 60 days of the claim denial." Def. Exhibit A, #5-1, p. 14. Hartford's notice of termination of plaintiff's benefits, dated November 24, 2008, by contrast, stated that she could appeal the adverse decision by sending a signed, dated, written letter outlining her position and issues to the Hartford Claim Appeal Unit within 180 days of

receipt of the notice of termination.  Def. Exhibit B, #5-2, p. 6.  Under the benefits plan, Hartford had discretion to determine benefit eligibility and to construe plan terms and provisions.  Def. Exhibit A, #5-1, p. 15.  Plaintiff also claims that Hartford had a conflict of interest in denying her continuation of benefits because it had a financial interest in that decision.

## II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a District Court may grant a motion for summary judgment if all of the information before the Court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962).  The burden is on the moving party.  *City of Mt. Pleasant, Iowa v. Assoc. of Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).  After the moving party discharges this burden, the nonmoving party must do more that show there is some doubt as to the facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for in its favor.  *Celotex v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  In ruling on a motion for summary judgment, the Court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts.  *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983).  The Court is required to resolve all conflicts of evidence in favor of the non-moving party.  *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

**III.    Discussion**

A benefit plan participant may, pursuant to ERISA, bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Angevine v. Anheuser-Busch Companies Pension Plan*, 646 F.3d 1034, 1037 (8th Cir. 2011) (quoting 29 U.S.C. § 1132(a)(1)(B)) (internal quotations omitted). "Before filing in federal court, however, a claimant must exhaust the administrative remedies required under the particular ERISA plan." *Id.* (citing *Chorosevic v. MetLife Choices*, 600 F.3d 934, 941 (8th Cir.2010)).  This exhaustion requirement

> serves many important purposes, including "giving claims administrators an opportunity to correct errors, promoting consistent treatment of claims, providing a non-adversarial dispute resolution process, decreasing the cost and time of claims resolution, assembling a fact record that will assist the court if judicial review is necessary, and minimizing the likelihood of frivolous lawsuits."

*Id.* (quoting *Galman v. Prudential Ins. Co. of Am.*, 254 F.3d 768, 770 (8th Cir. 2001)).  Courts excuse a beneficiary from the exhaustion requirement "only when pursuing an administrative remedy would be futile or there is no administrative remedy to pursue." *Angevine*, 646 F.3d at 1037 (quoting *Brown v. J.B. Hunt Transp. Serv., Inc.*, 586 F.3d 1079, 1085 (8th Cir. 2009)).

The Court first turns to the question of the appropriate standard of review.  In a case such as this, where a plan administrator has terminated a claimant's benefits and then denied an administrative appeal for untimeliness, and the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan, the court employs an abuse of discretion standard.  *Goewert v. Hartford Life & Acc. Ins. Co.*, 442 F.Supp.2d 724, 727 (E.D. Mo. 2006); *Iliff v. Metropolitan Life Ins. Co.*, 2012 WL 709234, *4 (E.D. Mo. March 5, 2012), *unpublished* (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489

U.S. 101, 115 (1989)).  In *Goewert*, which involved a similar denial of long-term disability benefits by this defendant, the Court explained that

> although, the Eighth Circuit has said that exhaustion of administrative remedies is a threshold legal question that should be reviewed de novo, *Kinkead v. Southwestern Bell Corp. Sickness & Accident Disability Benefit Plan*, 111 F.3d 67, 67 (8th Cir.1997), this Court is not deciding whether to deny [plaintiff's] claim based on a failure to exhaust theory.  Rather, the Court is reviewing Hartford's denial of benefits for failure to appeal in a timely manner.

442 F.Supp.2d at 727.  Because the Hartford plan affords it "discretion to determine benefit eligibility or construe the terms of the plan, the administrator's decision is reviewed under a deferential abuse of discretion standard.  *Id.* (quoting *Janssen v. Minneapolis Auto Dealers Ben. Fund*, 477 F.3d 1109, 1113 (8th Cir. 2006)).  Here, as in *Geowert*, plaintiff does not argue for a less deferential standard, so an abuse of discretion standard shall govern the Court's evaluation of Hartford's denial of her appeal.  442 F.Supp.2d at 728.

Under an abuse of discretion standard, the plan administrator's decision will not be disturbed if it is reasonable.  "We measure reasonableness by whether substantial evidence exists to support the decision, meaning more than a scintilla but less than a preponderance." *Wakkinen v. UNUM Life Ins. Co. of America*, 531 F.3d 575, 583 (8th Cir. 2008) (internal quotation omitted).  Only the evidence that was before the plan administrator when the decision was made will be considered, and the decision will stand if a reasonable person could have–not would have–reached a similar decision.  *Id.* (citing *Phillips-Foster v. Unum Life Ins. Co.*, 302 F.3d 785, 794 (8th Cir.2002)).  Furthermore, the reviewing court cannot substitute its own opinion or weighing of the evidence for that of the plan administrator. *Fletcher-Merrit v. NorAm Energy Corp.*, 250 F.3d 1174, 1180 (8th Cir.2001).

The Supreme Court has held that a plan administrator which both evaluates claims for benefits and pays benefit claims (as Hartford does) is operating under a conflict of interest, but that the conflict does not change the standard of review applied by the district court. *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 112, 115-16 (2008); *Wakkinen*, 531 F.3d at 581; *see also Hackett v. Standard Ins. Co.*, 559 F.3d 825, 830 (8th Cir. 2009). Rather, "a conflict should be weighed as a factor in determining whether there is an abuse of discretion." *Wakkinen*, 531 F.3d at 581 (quoting *Glenn*, 554 U.S. at 115). "The importance of taking [Hartford's] conflict of interest into account is illustrated by the 'combination-of-factors method' employed by the Court in *Glenn*, where the conflict serves 'as a tiebreaker when the other factors are closely balanced' and is 'more important . . . where circumstances suggest a higher likelihood that it affected the benefits decision' and 'less important . . . where the administrator has taken active steps to reduce potential bias and to promote accuracy.'" *Hackett*, 559 F.3d at 830 (quoting *Glenn*, 554 U.S. at 117; *see also Wakkinen*, 531 F.3d at 582; *Warner v. Unum Life Insurance Co. of America*, 2009 WL 73666, *5 (E.D. Mo. Jan. 8, 2009).

Under this standard, defendant's motion turns on whether it was reasonable for Hartford to conclude that the December 12, 2008, letter from plaintiff's former attorney did not constitute an appeal of Hartford's termination of her disability benefits. *See* Plf. Exhibit 1, #6-1. Since the undisputed facts indicate that this was the only correspondence between the parties regarding the termination of plaintiff's benefits within 180 days of the adverse decision, the reasonableness of Hartford's determination regarding this letter is dispositive. While plaintiff's July 8, 2009, letter to Hartford clearly asserts plaintiff's wish to and grounds for appeal, it was not sent within 60 days, or even 180 days; and therefore, it would not have been a timely appeal. Plaintiff naturally

asserts that the letter from her former attorney of December 12, 2008, constituted a timely notice of appeal, and she further alleges in her complaint that she exhausted all administrative remedies. Hartford contends that plaintiff's 2008 letter did not constitute an appeal because it only purported to be a request for documentary information in order to consider whether she would file an appeal in the future.  Thus, if the 2008 letter was not an appeal of Hartford's adverse decision, plaintiff did not exhaust her administrative remedies, and her claim must be denied.[1]

As recourse for a termination of benefits, the Hartford plan provides that plaintiff, as a plan beneficiary, may "request a review upon written application within 60 days of the claim denial" and affords that she may review "pertinent documents" and "submit issues and documents in writing" to Hartford in appeal of the termination of her benefits.[2]  Def. Exhibit B, #5-1, p. 14.  The letter from plaintiff's prior attorney of December 12, 2008, which plaintiff

---

[1]Plaintiff has not alleged that pursuing her administrative remedies under the plan would have been futile.

[2]The plan appeal requirement is more restrictive than the notice of termination regarding the time allowed to appeal (60 days versus 180 days) but less restrictive regarding what must be filed (a "written application" versus a signed, dated, written letter outlining plaintiff's position and issues sent to a specific sub-unit of defendant).  Because the Court finds that Hartford's interpretation of plaintiff's 2008 letter was reasonable, and that plaintiff failed to appeal within 180 days, the difference in appeal instructions is not relevant here.

Department of Labor regulations require that disability benefit plans must establish and maintain appeal procedures that, *inter alia*, allow claimants to submit written comments and documents, to receive access to and free copies of the records relevant to the claim, provide for a de novo review conducted by a named plan fiduciary other than the initial decision maker or subordinate thereof, and provide claimants at least 180 days following receipt of a notification of an adverse benefit determination within which to appeal the determination.  *See* 29 C.F.R. § 2560.503-1(h).  Although the Hartford plan only provided a 60-day period to appeal a termination of benefits, the notice of termination stated that plaintiff actually had 180 days to appeal.  Because plaintiff's July 8, 2009, letter of appeal fell outside the 180-day time period, it was untimely.

claims was a notice of appeal to Hartford, informed Hartford of the attorney's representation with regard to "her Long Term Disability (LTD) benefits," and characterized itself as a "request" for "a copy of any and all medical records" in Hartford's possession and "any other documents [Hartford] might have regarding [plaintiff's] medical condition." Plf. Exhibit 1, #6-1.  The letter further explains that she and her client will be "reviewing the records and obtaining additional medical information for [plaintiff's] appeal of the decision to terminate her Long Term Disability (LTD) benefits." *Id.*

Upon review of the pleadings and accompanying evidence, the Court finds that Hartford's determination regarding the 2008 letter was not unreasonable and was supported by substantial evidence.  The letter's stated purpose is to request records from Hartford, which plaintiff's attorney explained were needed in order to conduct a review of Hartford's decision and obtain additional medical information for an appeal.  Thus, a plain reading of the letter reveals that in order to appeal the termination of benefits, plaintiff intended to first obtain Hartford's records, as requested by the letter, and then obtain additional medical information.  *See id.*  Moreover, plaintiff did not provide any information, argument, or reasoning in the 2008 letter–in contradistinction to her July 2009 letter–regarding her position, issues, and comments regardingg the termination of benefits, as called for by Hartford's notice of termination. Def. Exhibit B, #5-2, p. 6.  It was, therefore, reasonable for Hartford to have interpreted the letter as a request for records in anticipation of a possible, future appeal and not an appeal itself.[3]  Although Hartford

---

[3]The fact that plaintiff's attorney spoke with a Hartford representative in July 2009, who provided her with the address to which to send plaintiff's expert report and medical records, is not relevant here because that contact also fell outside the 180-day appeal window, and plaintiff does not allege that the Hartford representative did anything more than provide an address (such as state that plaintiff could still file a timely appeal).

had a conflict of interest in denying plaintiff's claim, that fact does not outweigh the plain reading of the 2008 letter and the undisputed facts that plaintiff's July 2009 appeal letter was untimely. Therefore, the Court will not disturb Hartford's decision because it was clearly supported by substantial evidence. *Wakkinen*, 531 F.3d at 583.

## IV. Conclusion

Because a genuine issue of material fact does not exist with regard to the reasonableness of Hartford's determination that the 2008 letter was not an appeal of the decision to terminate plaintiff's long-term disability benefits, or that Hartford's decision that the July 2009 letter was an untimely appeal, the Court will grant defendant's motion.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss, #4, is GRANTED and plaintiff's complaint is DISMISSED with prejudice.

Dated this  21st  day of March, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE